IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KEITH L. REEDER                                                                                    PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:04cv397-HTW-JCS

EDDIE THOMPSON, CINDY BERG,
and JAMES D. POLK, M.D.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, brought this section 1983 action alleging that officers and personnel at the Central Mississippi Correctional Facility (CMCF) failed to protect him from assault by an another inmate and failed to provide medical care for his injuries. The matter was tried by the undersigned, an order of reference having been entered and the parties having consented to trial by the undersigned. Having considered the evidence presented at trial, the court makes the following findings of fact and conclusions of law.

EVIDENCE PRESENTED AT TRIAL

At the trial, Plaintiff testified as follows in support of his claims. On February 25, 2004, Plaintiff underwent surgery at the Rankin Medical Center for repair of a fracture of the fifth metacarpal of his right hand. He was discharged back to CMCF the following day, with instructions from Dr. William Lineaweaver, the surgeon, to contact him if swelling, drainage or an increase in pain occurred. Two weeks later, according to Plaintiff, swelling, redness and drainage developed. Reeder testified that he contacted Defendant Cindy Berg, the nurse at CMCF, about his concerns, and that she examined the hand and

told him not to worry because the problem was not serious. Plaintiff claims that thereafter, he made repeated written and verbal requests for medical attention. He testified that he also had a friend of his, Jean McCann, call the facility several times to alert the prison officials to Plaintiff's need for medical attention. On March 16, 2004, Reeder was seen at the CMCF clinic by James Marks, a nurse practitioner. Mr. Marks examined Plaintiff and stated that he would be "ok" until his followup appointment at the University of Mississippi Medical Center (UMC), scheduled for April 6, 2004. On April 1, 2004, Defendant Berg examined Plaintiff's hand at his request. As a result of her findings, Berg sent Reeder to UMC, where he underwent a second surgery to his right hand.

Also testifying on behalf of Plaintiff was Jean McCann, who stated that after Plaintiff's initial surgery, she called CMCF repeatedly in an attempt to call attention to the problems he was having and his need for medical attention. Admitted into evidence as P-6 was the witness's mother's phone bill for the period February 20, 2006 through April 2, 2006. This record shows two calls placed to CMCF on February 24, four on February 25, two on February 26, one on February 27, one on March 1, two on March 4, one on March 26, and one on March 27. Ms. McCann testified that during one such phone call, the person to whom she spoke identified herself as "Nurse Cindy Bear."

Plaintiff's medical records, admitted into evidence, revealed the following. Plaintiff's right hand was injured on February 3, 2004, during an altercation with another inmate. He was treated at the emergency room at Rankin Medical Center for a fracture of the right fifth metacarpal and was referred to Dr. Lineaweaver, an orthopaedic surgeon.

2

On February 25, 2004, Reeder underwent surgery at RMC by Dr. Lineaweaver. Plaintiff was discharged to CMCF the same day. He was seen for followup on March 4, 2004, at UMC. The notes from this examination indicate Plaintiff was experiencing pain but no other problems. The next medical evaluation or treatment, according to the records, was on March 16, 2004 at the prison medical clinic, when Plaintiff was seen by Mr. Marx for complaints of pain. Mr. Marx prescribed Tylenol for pain and stated in his notes that no gross abnormality was noted. He concluded that Plaintiff was in need of no further evaluation or treatment prior to his follow-up appointment at UMC on April 8, 2004. There is no indication in the medical records of any further treatment or evaluation until two weeks later on April 1, 2004, when Plaintiff was seen at the prison medical clinic by Defendant Berg. Berg's notes indicate that his hand was red and swollen, and she sent him to the UMC emergency room. At UMC, he was treated with intravenous antibiotics and underwent surgery by Dr. Lineaweaver to drain the sight of the infection. In his notes, Dr. Lineaweaver states that Plaintiff had not been cared for properly at CMCF and that his condition was ignored for two weeks. Reeder was discharged on April 8, 2004.

Testifying on his own behalf was Defendant Eddie Thompson, the jail administrator. Thompson stated that neither Reeder nor anyone on his behalf had communicated directly with him regarding any need for medical attention. Two detention officers who worked in Plaintiff's zone during the relevant time period also testified on behalf of Defendants. Michael Van Horn, a detention officer working twelve-hour shifts in Plaintiff's zone during the relevant time period, stated that Plaintiff never communicated to him any request for medical attention. John Renfrow, who worked the midnight-to-noon

shift in Reeder's zone three or four days a week during this period, testified that Plaintiff never communicated to him any need or request for medical treatment. Mr. James Marx also testified briefly; his testimony was consistent with his notes from his March 16, 2004 evaluation of Plaintiff.

Defendant Cindy Berg testified that during the relevant time period she was the nurse for CMCF. As such, she was present at the prison five days a week and was on call at all times. She stated that one of her duties was dispensing medication to the inmates and that she saw them on a regular basis. According to Berg, Plaintiff's first and only complaint regarding his need for medical attention after his first surgery was on April 1, 2004. She identified her evaluation note of him on that date, which indicated that she was sending him to the UMC emergency room. She specifically denied ever refusing or delaying medical treatment to Reeder. She also stated that to her knowledge she had never received a call from Jean McCann.

Also admitted into evidence was the entire administrative record for Reeder during the relevant time period. The file contains no written requests by Reeder for medical treatment during the two-week period prior to his second surgery.

## ANALYSIS

At trial, Plaintiff presented no evidence in support of his failure-to-protect claim. Accordingly, the court granted a directed verdict on this claim in favor of Defendants.

In order to succeed on a section 1983 claim for denial of medical treatment, a prisoner must prove deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105

(1976). Ignoring a known need for medical treatment would constitute deliberate indifference. *E.g., Jackson v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir. 1989). On the other hand, unsuccessful medical treatment, negligence, neglect or medical malpractice do not give rise to a § 1983 cause of action. *Varnado*, 920 F.2d at 321. Plaintiff presented no evidence linking either Defendant Thompson nor Defendant James Polk to any failure to provide health care, much less any deliberate indifference on their part. The only possibility of a claim based upon the evidence presented would be against Defendant Berg for failing to respond to Reeder's alleged requests for medical attention between March 16 (the day he was seen by Mr. Marx) and April 1 (the day Berg evaluated him and sent him to the UMC emergency room). The only evidence that Reeder made any requests for medical attention during this period is his own testimony that he sent numerous written medical requests and made numerous verbal requests for medical attention. Reeder's administrative file does not contain any written requests for this period. Furthermore, Plaintiff did not testify or present any other evidence that he addressed any request to Berg or that Berg was actually made aware of any need for treatment during this time period. Finally, the court finds credible the testimony of Berg, who stated that the only request of which she was aware was the request of April 1, 2004, to which she responded by sending him to the emergency room. The court concludes that Plaintiff has failed to prove that Berg was deliberately indifferent to any serious medical need.

At the beginning of the trial in this matter, Plaintiff announced that Dr. William Lineaweaver, although not present, was willing to appear to give testimony on Plaintiff's

5

behalf. The court concluded that the trial should proceed and that the court would determine after hearing the other evidence whether Dr. Lineaweaver's testimony would be helpful to Plaintiff's case; if so, that testimony would be taken at another time. Plaintiff provided the court with an affidavit of Dr. Lineaweaver stating that he would testify that the second surgery on Plaintiff's hand could have been avoided if Plaintiff had been sent back to UMC sooner. As explained herein, the court has concluded that Plaintiff's evidence on his medical claim fails to prove deliberate indifference on the part of any Defendant. Dr. Lineaweaver's testimony would not offer any proof of deliberate indifference. For this reason, the court has concluded that the taking of the testimony of Dr. Lineweaver is not necessary.

## CONCLUSION

The evidence suggests that, for whatever reason, Plaintiff's infection was not recognized and treated as soon as it should have been. Plaintiff has not proved, however, that this failure was caused by deliberate indifference on the part of any Defendant. For this reason, Plaintiff's claims will be dismissed with prejudice. A separate judgment in favor of Defendants will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 31st day of March, 2006.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE